UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**PARAMENA SHIKANDA,**

 Movant

v.          CIVIL ACTION NO. 2:12-000641
             (Criminal No. 2:09-00251)

**UNITED STATES OF AMERICA,**

 Respondent

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On November 10, 2009, the grand jury returned an indictment charging movant with (1) conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (Count One), (2) mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Two through Four), (3) wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1342 an 2 (Counts Five through Seven), (4) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Eight), and (5) a forfeiture count.

On September 14, 2010, following his plea of guilty to Count Eight, the Judgment was entered sentencing movant to a 46-

month term of imprisonment, followed by a three-year term of supervised release, restitution in the amount of $772,016.05, to be paid jointly and severally with his codefendants, and a $100.00 special assessment.  On February 25, 2011, after having failed to notice a direct appeal from the Judgment, movant sought modification of the custodial portion of his sentence pursuant to 18 U.S.C. 3582(c)(2).  On July 11, 2011, the court denied the request.  On August 15, 2011, movant noticed his appeal of the July 11, 2011, order.  On December 23, 2011, the court of appeals affirmed the order appealed from.

On March 2, 2012, the movant filed the instant section 2255 motion respecting restitution.  On June 19, 2012, the magistrate judge filed her PF&R recommending that the court deny the section 2255 motion.  On July 10, 2012, after having received from the court an extension until August 1, 2012, movant objected.  The objections are not responsive to the well-reasoned justifications supporting the magistrate judge's recommendation.  Foremost, the plea agreement signed by movant reflects his promise "not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $919,916.00." (Plea agmt. at 3).  The restitution order reflected in the Judgment does not exceed that amount.

Moreover, movant additionally agreed in that same bargain to eschew "any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255," unless the collateral attack alleged the ineffective assistance of counsel. (Id. at 7). Based upon the absence of any such argument in his objections, movant appears to abandon any Sixth Amendment challenge to the effectiveness of his counsel with respect to his sentence of restitution.[1] This separate waiver thus offers an additional basis upon which to deny relief.

---

[1] In his section 2255 motion, movant stated as follows:

> [P]etitioner was to be fully defended by an attorney, in this case, court appointed. This petitioner was ill-served by his attorney when he expected and relied only on the officers of the court to "do the right thing." This petitioner pleaded guilty because he believed that his attorney looked out for him and that the court would sentence him within the confines of the law. However, petitioner's counsel failed to explore a favorable plea negotiation on petitioner's behalf by subjecting petitioner to fiscal responsibilities which were beyond punitive responsibility of the crime that he committed. Petitioner pleaded only to certain specific crime that did not embod[y] a conglomeration of financial loss attributable to his crime of conviction. A counsel who failed to explore such mentioned mitigating facts was ineffective in his assistance to this petitioner.

(Sec. 2255 Mot. at 4 (citation omitted)). This conclusory excerpt does not approach the showing necessary under Strickland v. Washington, 466 U.S. 668, 687 (1984). In any event, the lack of any mention of this ground in movant's objections results in its conclusive waiver. Fed. R. Civ. P. 72(a).

For this reason, and those expressed by the magistrate judge, movant's objections lack merit. Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: November 27, 2012

John T. Copenhaver, Jr.
United States District Judge